# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-6907 PA (PLA) | Date | January 12, 2016 |
|---|---|---|---|
| Title | Andres Gomez v. TSA Stores, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  None          Attorneys Present for Defendants: None

**Proceedings:**          IN CHAMBERS—ORDER TO SHOW CAUSE

Plaintiff Andres Gomez ("Plaintiff") filed this putative class action alleging a claim pursuant to California's Unruh Act, Cal. Civ. Code § 51, that the website operated by defendant TSA Stores, Inc. ("Defendant") is not accessible to individuals with vision disabilities because it is not coded to enable those with screen access software to navigate the website.  Plaintiff seeks to represent a class of all persons "with visual disabilities who use screen access software to access the Internet and who have attempted or will attempt to access Sportsauthority.com . . . ." (Compl. ¶ 23.)  Plaintiff seeks statutory damages of $ 4,000 for each member of the class as well as injunctive relief.

Plaintiff originally filed the action in Los Angeles Superior Court on August 4, 2015.  Defendant removed the action to this Court on September 3, 2015.  In their Rule 26(f) Joint Report, Plaintiff asserted that "it will take approximately six months to conduct class certification discovery and request[ed] that the 90-day deadline for filing a class certification motion under L.R. 23-3 be extended."  The Court denied that request both because it was a procedurally improper method for obtaining relief from Local Rule 23-3 and because it was not readily apparent that information concerning the ascertainability of the class was within the possession of Defendant or otherwise obtainable through discovery.  Plaintiff then filed an Ex Parte Application for Extension of Time to File Motion for Class Certification.  On November 24, 2015, the Court denied the Ex Parte Application because Plaintiff failed to address the Courts concerns about the ascertainability of the class.  Following the denial of his Ex Parte Application, Plaintiff has not filed a Motion for Class Certification by the December 2, 2015 deadline established by Local Rule 23-3.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  "'Local rules are 'laws of the United States,'' and 'valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'"  United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006) (internal quotations omitted) (quoting Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995)).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-6907 PA (PLA) | Date | January 12, 2016 |
|---|---|---|---|
| Title | Andres Gomez v. TSA Stores, Inc. | | |

Any motion for class certification should have been filed no later than December 2, 2015.  Plaintiff did not file a motion for class certification by that date.  Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing why the class action allegations should not be stricken for failure to timely file a motion for class certification.  Plaintiff's response to this order to show cause shall be filed by January 25, 2016.

IT IS SO ORDERED.